NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3181

NELLIE S. TUCKER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Nellie S. Tucker, of Talihina, Oklahoma, pro se.

David F. D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3181

NELLIE S. TUCKER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752070394-I-1.

_____

DECIDED: July 14, 2008

_____

Before LOURIE, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Nellie S. Tucker petitions for review of a decision of the Merit Systems Protection Board ("Board") dismissing Ms. Tucker's appeal for lack of jurisdiction.  Tucker v. Dep't of Veterans Affairs, No. DA0752070394-I-1 (M.S.P.B. Sept. 14, 2007) ("Board Decision").  Because the Board properly held that it lacked jurisdiction over Ms. Tucker's appeal, we affirm.

## BACKGROUND

Ms. Tucker was employed by the Department of Veterans Affairs ("DVA") as a dietician.  In June 2006, the DVA removed Ms. Tucker on a charge of making false and defamatory statements using a DVA computer.  To settle her subsequent appeal to the

Board, Ms. Tucker and the DVA signed a Last Chance Agreement ("LCA"). In the LCA, the DVA agreed to reinstate Ms. Tucker, provided the DVA could later remove her if she failed to maintain "satisfactory conduct and/or performance" for twenty-four months. The LCA defined "unsatisfactory" conduct and/or performance to be any conduct and/or performance "deemed by the Agency to be an offense punishable by a removal or suspension under the Agency's table of penalties." Ms. Tucker also agreed "to waive all appeal rights" should she be removed for failing to comply with this agreement.

On April 17, 2007, the DVA determined that Ms. Tucker's "unsatisfactory" conduct constituted a violation of the LCA and, thus, removed her pursuant to that agreement. Ms. Tucker filed an appeal with the Board, but the administrative judge found that Ms. Tucker failed to prove that the Board had jurisdiction given her waiver of appeal rights in the LCA. Board Decision, slip op. at 12. When the Board denied review, the administrative judge's decision became the final decision of the Board. Tucker v. Dep't of Veterans Affairs, No. DA0752070394-I-1 (M.S.P.B. Jan. 9, 2008).

DISCUSSION

We determine whether the Board has jurisdiction without deference to the Board, but we accept the Board's factual findings as long as they are supported by substantial evidence. See 5 U.S.C. § 7703(c). Ms. Tucker waived her right to appeal the DVA's decision to remove her for violating the LCA. See Gibson v. Dep't of Veterans Affairs, 160 F.3d 722, 725 (Fed. Cir. 1998) ("[A]n employee can waive the right to appeal in a last-chance agreement."). Accordingly, the Board lacks jurisdiction to review Ms. Tucker's removal unless she proves that: (1) she complied with the LCA; (2) the DVA breached the LCA; or (3) she involuntarily entered into the LCA. See Buchanan v. Dep't

of Energy, 247 F.3d 1333, 1338 (Fed. Cir. 2001). There is no indication that Ms. Tucker involuntarily entered into the LCA, see Board Decision, slip op. at 11-12, but Ms. Tucker alleges that she established jurisdiction on the other two grounds.

Ms. Tucker first asserts that the Board has jurisdiction because she complied with the LCA. The DVA alleged three instances of "unsatisfactory" conduct: (1) demonstrating inattention to duty and questionable patient care procedures on January 11, 2007; (2) being disrespectful towards a supervisor on January 25, 2007; and (3) being absent without leave ("AWOL") between March 19, 2007 and March 30, 2007. The Board found that Ms. Tucker failed to prove that she maintained satisfactory conduct as required by the LCA in any of these instances. We review the Board's factual findings for substantial evidence.

With respect to the first instance, the Board found that Ms. Tucker "was inattentive to duty, and engaged in questionable care practices with respect to [a particular] patient." Id., slip op. at 6. The Board based this finding on a letter from the patient and Mr. Brewer's testimony regarding a subsequent conversation with the patient. Id., slip op. at 4-6. Ms. Tucker argues that this finding is clearly erroneous because her testimony provided a different account of the day's events and because neither the patient's letter nor Mr. Brewer's testimony should have been credited. Ms. Tucker also asserts that the patient was schizophrenic and, thus, his account of events is necessarily suspect. While she claims that the patient's medical records corroborate her testimony, the only relevant medical document in the record fails to support her assertions. Because a reasonable mind could find this evidence to be sufficient to support the Board's finding, see Haebe v. Dep't of Justice, 288 F.3d 1288, 1298 (Fed.

Cir. 2002), we conclude that substantial evidence supports the finding that Ms. Tucker failed to comply with the LCA in this first instance.

With respect to the second instance, the Board found that Ms. Tucker spoke to Mr. Brewer (her supervisor) in a confrontational and disrespectful manner during a staff meeting on January 25, 2007. Board Decision, slip op. at 8-9. The Board based this finding on the testimony of Mr. Brewer and three other agency employees who attended the staff meeting and found Ms. Tucker's tone and attitude to be disrespectful, argumentative, and sarcastic. Id., slip op. at 6-8. Ms. Tucker argues that she was not insubordinate, that Mr. Brewer never spoke to her about the meeting, and that, immediately following the meeting, Mr. Brewer approved her request for time off. Four individuals, however, testified that Ms. Tucker was confrontational and disrespectful to Mr. Brewer. Thus, we conclude that substantial evidence supports the Board's finding.

With respect to the third instance, the Board found that Ms. Tucker was AWOL during the time period from March 19, 2007 to March 30, 2007. Id., slip op. at 11. After acknowledging that Ms. Tucker was injured on March 7, 2007, the Board found that the only medical documentation in the record indicated that Ms. Tucker was able to work four hours per day during this time period. Id., slip op. at 9-11. Ms. Tucker asserts that she provided adequate medical documentation, that the Board demanded excessive medical proof, and that her Department of Labor workers compensation claim was approved from the date of injury. The record, however, fails to support any of these claims. The only document regarding Ms. Tucker's medical condition between March 19 and March 30 indicates that Ms. Tucker was able to work four hours per day, leaving her in AWOL status for those hours. There is no evidence that Ms. Tucker was

awarded workers compensation for any of these AWOL hours. Accordingly, we conclude that substantial evidence supports the Board's finding.

On appeal, Ms. Tucker further alleges that the Board has jurisdiction because the DVA breached the LCA. Specifically, Ms. Tucker asserts that Mr. Brewer violated paragraph 9 "by using [the agreement] as a reason for making a decision to remove [her]." Paragraph 9, however, simply states that the LCA shall not be used to "resolv[e] any other complaints which have been or may be filed" and that the DVA's failure to remove Ms. Tucker for a violation of the LCA shall not serve as a precedent for the DVA's decision to remove her for a subsequent violation. Mr. Brewer simply informed management that "Ms. Tucker currently has a last change [sic] agreement that needs to be considered in the decision making process." This statement does not violate paragraph 9 of the LCA. Ms. Tucker also appears to argue that the DVA violated the LCA in a variety of other ways, but none of these alleged wrongs are relevant to any LCA provision.

Finally, Ms. Tucker's list of other grievances with the DVA are not relevant to establishing that the Board has jurisdiction over her appeal in this situation. Because Ms. Tucker waived her appeal rights in the LCA and failed to establish that the Board had jurisdiction in spite of that waiver, we conclude that that the Board lacked jurisdiction over Ms. Tucker's appeal. Accordingly, we affirm the decision of the Board.

COSTS

Each party shall bear its own costs.